99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Teresa LINEHAN, Patricia Linehan, and John G. Linehan,
Plaintiffs-Appellants,
v.
Cornelius KEEFE, Frank Grossman, and Edward Fox, Defendants-Appellees.
 No. 95-7374.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 For plaintiffs-appellants: Leo P. Davis, East Moriches, NY.
 
 
 2
 For defendants-appellees:Patricia M. Hingerton, Att'y Gen.'s Office, Hauppauge, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present: McLAUGHLIN, LEVAL, Circuit Judges, PARKER, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 John Linehan, his wife Teresa, and his daughter Patricia appeal from a March 10, 1995 judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, Judge ) dismissing their civil rights suit, brought under 42 U.S.C. § 1983, against three court officers. The suit stemmed from events following the shooting of two other members of the Linehan family. One of the victims--a son--died, while the other--another son--survived. George Kuey was convicted and sentenced in connection with the shootings. His sentence, however, was overturned on appeal. The father and mother, their daughter Patricia, and their sons Daniel and Terrance (the surviving victim) came to the courtroom to attend the resentencing.
 
 
 9
 When the Linehans learned that Kuey would receive a shorter sentence than the original one, a heated exchange broke out between the father and Daniel, on one side, and the assistant district attorney, on the other. Some time later, Defendant Cornelius Keefe, then the Chief Court Officer for the area encompassing the courtroom, decided that the Linehans should all be screened for weapons. Two subordinates, defendants Frank Grossman and Edward Fox, carried out his instructions. They ordered the Linehans to leave the courtroom, and refused the Linehans the right to re-enter unless they consented to searches using hand-held metal detectors. During those searches, a verbal altercation escalated into a brawl.
 
 
 10
 The Linehans (save Terrance) were arrested and charged with various crimes. The grand jury dismissed assault charges against the father and daughter, but indicted them on charges of obstructing governmental administration. Those charges went to trial; the trial court dismissed the charge against the daughter, and the jury acquitted the father. Linehan v. New York, No. 80341A (N.Y.Ct.Cl. Nov. 14, 1991), aff'd 201 A.D.2d 706 (2d Dep't 1994). The charges against the mother and son, on the other hand, were dropped after the grand jury voted not to indict.
 
 
 11
 Thereafter, the father, mother, and daughter brought a § 1983 suit against Keefe, Grossman, and Fox, seeking compensatory and punitive damages. Their complaint, as amended, alleged three unlawful search and seizure claims under the Fourth Amendment. The defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6). Judge Wexler granted the motion in part, dismissing two of the three claims. The Linehans filed a second amended complaint, restating the first two claims and adding additional factual allegations to the third. The defendants moved to dismiss again. After allowing the Linehans limited discovery, Judge Wexler ruled that the amended complaints had failed to state a claim upon which relief could be granted, and dismissed the suit.
 
 
 12
 On appeal, the Linehans argue that they have stated at least two cognizable Fourth Amendment claims: (1) the defendants' order removing them from the courtroom was by itself an unconstitutional "seizure"; and (2) the defendants' use of hand-held metal detectors to conduct the searches was inherently offensive. Construing their pleadings in the light most favorable to them, we cannot agree.
 
 
 13
 1. Assuming that the Linehans' compliance with the order to leave the courtroom was a Fourth Amendment seizure, see California v. Hodari D., 499 U.S. 621, 626 (1991), nevertheless this seizure was not unreasonable. The pleadings concede that the Linehans were upset that Kuey would receive a lighter sentence. Their disruptive outburst justified the order that they leave the courtroom. Cf. United States ex rel. Orlando v. Fay, 350 F.2d 967, 971 (2d Cir.1965), cert. denied sub nom. Orlando v. Follette, 384 U.S. 1008 (1966).
 
 
 14
 2. The ensuing search using hand-held metal detectors was by consent, and did not run afoul of the Fourth Amendment. See generally Schneckloth v. Bustamonte, 412 U.S. 218 (1973). There is no allegation that the Linehans could not leave the courthouse until they submitted to the search. That they could not re-enter the courtroom makes the search no less consensual. See, e.g., McMorris v. Alioto, 567 F.2d 897, 900-01 (9th Cir.1978). They were not compelled to be in the courtroom, and their right to be there was not absolute, see Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982).
 
 
 15
 The core of the Linehans' complaint is that the use of a walk-through metal detector at the courthouse entrance to conduct the search would have been less intrusive. Of course it would. But, it is undisputed that the courthouse lacked such a device. Furthermore, there is no suggestion that these defendants, court officers, were in any way responsible for its absence.
 
 
 16
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation